NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

YINHUAI DONG,

          Petitioner,

v.

MERRICK B. GARLAND, Attorney
General

          Respondent.

No.   18-72961

Agency No. A 205-752-985

MEMORANDUM*

Appeal from the Board of Immigration Appeals

Submitted March 17, 2021**
San Francisco, California

Before: MURGUIA, Circuit Judge, CHRISTEN, Circuit Judge, and LEFKOW,***
District Judge.

Yinhuai Dong petitions for review of the Board of Immigration Appeals

("BIA") judgment dismissing his appeal after an Immigration Judge ("IJ") denied

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\*     The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

his petition for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") based on an adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility findings for substantial evidence. *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007). "Because credibility determinations are findings of fact by the IJ, they 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B) (2000)). To reverse such a finding, we "must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Id.* (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n.1 (1992) (emphasis in original)). Where, as here, "the BIA issues its own decision but relies in part on the immigration judge's reasoning, we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)).

The BIA and IJ made two findings with respect to Dong's credibility that are supported by substantial evidence. First, the BIA and the IJ found Dong's explanation of how he obtained supporting documents implausible. Dong produced medical records, explaining that his wife obtained them with the help of a "sympathetic" doctor. His wife's declaration described the doctor as "warm-hearted." The IJ noted, however, that this doctor purportedly had performed a

forced abortion on Dong's wife. The IJ found the recent description of the doctor implausible in light of Dong's asylum declaration characterizing the same doctor as leaving his wife "almost mentally collapsed." The BIA and IJ thus doubted whether the records were genuine and whether Dong's wife had suffered a forced abortion. Although there are plausible explanations why Dong and his wife might have truthfully described the doctor as sympathetic, "findings of fact are 'conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.'" *Jibril v. Gonzales*, 423 F.3d 1129, 1136 (9th Cir. 2005) (quoting 8 U.S.C. § 1252(b)(4)(B)). This record evidence supported the IJ and BIA's finding. *See id.* at 1135.

Second, the BIA and the IJ found that Dong's testimony about the penalties he might face for resisting China's one-child policy was vague and confusing. Dong struggled to explain whether he would be charged a fine, charged two fines, sterilized, or some combination. Dong later testified that the penalty was either a fine, sterilization, or closing his factory. Dong could not clarify the penalty despite being given an opportunity. This vague and confusing testimony went to the heart of Dong's claim because it called into question whether Dong will be sterilized if he returns to China. *Shrestha v. Holder*, 590 F.3d 1034, 1046–47 (9th Cir. 2010).

Accordingly, the agency's adverse credibility determination was supported by substantial evidence. *See id.* at 1048. It follows that the agency did not err in

denying Dong's requests for asylum and withholding of removal. *See Aguilar Fermin v. Barr*, 958 F.3d 887, 892–93 (9th Cir. 2020). "An adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. But where, as here, a petitioner's CAT claim is based on "the same statements . . . that the BIA [and IJ] determined to be not credible," and there is no additional evidence in the record establishing that the petitioner would be tortured in the country of removal, the agency may reject the CAT claim as well. *Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003). Because the record evidence here does not independently compel the conclusion that Dong would be tortured if removed to China, the agency did not err in denying Dong relief under CAT. *Id.*

    **PETITION DENIED.**